IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**LISA RENEE ROSS,**

       **Plaintiff,**

                                      CIVIL ACTION
   **vs.**                              No. 09-3117-SAC

**ARAMARK CORRECTIONAL SERVICES,**
**et al.,**

       **Defendants.**


**MEMORANDUM AND ORDER**

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff submitted the initial partial filing fee as directed, and the court grants leave to proceed in forma pauperis.

**Initial review**

    A federal court must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Incident to the screening, the court must dismiss, sua sponte, any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1)-(2).

Pleadings filed by a party proceeding pro se are given a liberal construction and are held to a less stringent standard than pleadings drafted by lawyers. *McBride v. Deer,* 240 F.3d 1287, 1290 (10th Cir. 2001); *Shaffer v. Saffle,* 148 F.3d 1180, 1181 (10th Cir.)(quoting *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)), *cert. denied,* 525 U.S. 1005 (1998). However, a complaint must present factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To satisfy this standard, a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. At this stage, a court accepts all well-pleaded allegations as true, even if they are doubtful, and construes the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

**Background**

Plaintiff commenced this action while incarcerated at the Topeka Correctional Facility (TCF). She sues Aramark Correctional Services, Inc., a food services provider contracting with the Kansas Department of Corrections, two Aramark employees, two employees of the TCF, and the Office of the Attorney General.

2

Plaintiff alleges her constitutional rights were violated by discrimination and retaliation and that this caused her to receive a disciplinary report for poor work performance.

Plaintiff states that she wrote a grievance against an Aramark Supervisor on February 12, 2009, and that she was issued a disciplinary report on March 17, 2009.

The complaint and attachments reflect that on March 17, 2009, staff at the TCF discovered nearly 400 pieces of sausage were missing. During the investigation, staff located a videotape showing the plaintiff dumping a large pan of sausage patties into the garbage disposal. A disciplinary report alleging a work performance violation was issued on the following day.

Plaintiff testified at the hearing and acknowledged discarding the sausage. She claimed the food was burned and that she did not believe it was safe for consumption. There was testimony from other witnesses that the food was not burned.

Plaintiff seeks the restoration of good time, her custody level, back wages, and monetary damages.

## Discussion

To the extent plaintiff seeks relief from a disciplinary action in which she lost good time credits, her remedy lies in habeas corpus under 28 U.S.C. § 2241. Before she may pursue

3

federal habeas corpus, plaintiff must exhaust state court remedies. *See Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010)(exhaustion of state remedies required before § 2241 may be filed). Because it is unclear from the complaint whether plaintiff has done so, the court will direct her to supplement the record with a statement of her use of such remedies and the outcome of any related state court action. If she is unable to make such a showing, these claims are subject to dismissal without prejudice.

Next, to the extent plaintiff seeks relief on the grounds of discrimination and retaliation, her claims for relief, such as restoration of good time and back wages, appear to be related to the disciplinary action and to findings of fact made in that matter. Such challenges are premature under *Heck v. Humphrey,* 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).

In *Heck*, the United States Supreme Court held that a state prisoner may not bring a damages claim under § 1983 if a decision in favor of the prisoner would implicate the validity of the prisoner's conviction or sentence unless the conviction or sentence has been overturned or set aside. 512 U.S. at 487. In *Edwards*, the Supreme Court extended *Heck* to claims brought by prisoners challenging prison disciplinary proceedings where the

disciplinary conviction affected the prisoner's good time credits and thus, the duration of confinement. *Muhammad v. Close*, 540 U.S. 749 (2004); *Edwards*, 520 U.S. at 646-48. Because it appears plaintiff lost good time credits as a disciplinary sanction, this matter is governed by *Edwards*.

Finally, to the extent plaintiff alleges the March 17, 2009, disciplinary action is based upon a grievance she filed on February 21, 2009, the court finds her bare allegation of retaliation is not sufficient to state a claim for relief.

The Tenth Circuit has recognized that an adverse action taken in retaliation for the filing of grievances may violate a prisoner's rights under the First Amendment. *See, e.g.*, *Williams v. Meese,* 926 F.2d 994, 998 (10th Cir.1991). However, a prisoner alleging unlawful retaliation must "allege specific facts showing retaliation [on account] of the exercise of the prisoner's constitutional rights," *Frazier v. Dubois,* 922 F.2d 560, 562 n. 1 (10th Cir.1990), and must "prove that 'but for' the retaliatory motive, the incidents to which [the inmate] refers, ... would not have taken place." *Smith v. Maschner,* 899 F.2d 940, 949-50 (10th Cir. 1990). A proximity in time, in itself, is not sufficient to establish cause in a claim of retaliation. See, e.g., *Friedman v. Kennard,* 248 F. Appx., 918, 922 (10th Cir.2007)("Standing alone ... temporal proximity

between an alleged exercise of one's right of access to the courts and some form of jailhouse discipline does not constitute sufficient circumstantial proof of retaliatory motive....").

Here, plaintiff admits she disposed of a large quantity of food, the event that gave rise to the disciplinary action. Thus, there is a factual basis for the disciplinary charges. Next, plaintiff points only to the one-month gap between the grievance and the disciplinary report, and that alone is not sufficient to state a claim for relief.

For the reasons set forth, the court is considering the dismissal of this matter. Plaintiff will be given an opportunity to show cause why this dismissal should not be entered.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection shall proceed pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the balance of the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff is granted to and including November 23, 2010, to show cause why this matter should not be dismissed for the reasons set forth. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where she is

incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 26th day of October, 2010.

                                S/ Sam A. Crow
                                SAM A. CROW
                                United States Senior District Judge