```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**LISA RENEE ROSS,**

        **Plaintiff,**

                                              **CIVIL ACTION**
    **vs.**                                 **No. 09-3117-SAC**

**ARAMARK CORRECTIONAL SERVICES, INC.,**
**et al.,**

        **Defendants.**


**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody.[1]  By its earlier order, the court directed plaintiff to show cause why this action should not be dismissed.  Plaintiff filed a timely reply.  Having considered the record, the court enters the following findings and order.

**Background**

Plaintiff challenges the issuance of a disciplinary report against her for work performance on the grounds of discrimination and retaliation.  The record shows she wrote a grievance against a food service contractor supervisor on February 12,

---

[1] Plaintiff has since been released from custody.

2009, and was issued a disciplinary report on or about March 17, 2009.  The record also shows that on the day the disciplinary report was issued, staff at the correctional facility discovered approximately 400 pieces of sausage were missing.  The subsequent investigation located videotape showing the plaintiff loading a large pan of sausage into the garbage disposal.

At the disciplinary hearing, plaintiff testified and acknowledged that she threw out the sausage.  She claimed the food was burned.  Other witnesses testified that the food was not burned.

## Discussion

Plaintiff commenced this action alleging the defendants "violated her constitutional rights by discrimination and retaliation causing her to receive a disciplinary report which led to improper disciplinary actions."  (Doc. 1, p. 2.)

Following its screening of this matter, the court issued a Memorandum and Order (Doc. 4) which advised plaintiff that (1) any claim challenging the validity of the disciplinary conviction for work performance must be presented in a petition under 28 U.S.C. § 2241 after exhaustion of state court remedies; (2) because her claims of discrimination and retaliation appeared to be related to the validity of the disciplinary action, her challenges were premature under *Heck v. Humprhey*, 512 U.S. 477

(1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997); and (3) the bare allegation of retaliatory conduct was insufficient to establish a claim for relief where plaintiff admitted the factual basis for the disciplinary action and where there was a one-month gap between the plaintiff's grievance and the disciplinary report.

Plaintiff filed a timely response to the order to show cause (Doc. 5), and the court has carefully considered that pleading. However, after a thorough review of the record, the court concludes this matter should be dismissed.

First, plaintiff has not demonstrated that she has obtained relief from the disciplinary action before beginning this action seeking damages, as contemplated by *Heck v. Humphrey* and *Edwards v. Balisok*. As set forth in the court's earlier order, this failure renders plaintiff's civil action for damages premature.

Next, plaintiff has not presented any persuasive argument concerning the claim of retaliation. The one-month gap between her filing of a grievance and the disciplinary action is not sufficient to prove that but for a retaliatory motive, she would not have been received the disciplinary report. Indeed, it is apparent that plaintiff was disciplined after authorities viewed videotape showing her surreptitious disposal of a large quantity of food.

"[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights.... [However], [a]n inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson,* 435 F.3d 1252, 1263-64 (10th Cir. 2006)(quoting *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998))(quotations omitted, emphasis in original), *cert. denied,* 549 U.S. 1059 (2006).  Plaintiff has failed to sustain this burden.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 25th day of October, 2011.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge